IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| AMY L. SMITH, ) | |
| ) | |
| Plaintiff, ) | No. 23-cv-76 |
| ) | |
| v. ) | **DEFENDANT'S NOTICE OF REMOVAL** |
| ) | |
| HENNIGES AUTOMOTIVE IOWA, INC., ) | |
| ) | |
| Defendant. ) | |

Defendant Henniges Automotive Iowa, Inc. ("Henniges") files its Notice of Removal of this Action from the Iowa District Court in and for Lee County (Case No. LALA006678) to the United District Court for the Southern District of Iowa, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and 1446.  In support thereof, Henniges states:

1. Henniges removes this case based on the Plaintiff, Amy L. Smith's, recent deposition testimony, which establishes federal preemption of her claims based on labor law. Henniges is filing this Notice within 30 days of receiving Smith's transcript.

2. The removal statute, 28 U.S.C. § 1446, generally provides that removal may be filed within 30 days after service of an initial pleading.  However, in certain circumstances, § 1446(b)(3) allows for removal outside this window. Specifically, §1446(b)(3) provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

3. Thus, the 30-day removal window triggers upon defendant's "receipt" of a "paper" giving notice that the case is removable.

4. § 1446(b)(3) is frequently triggered by the filing of an Amended Complaint, but it also can be triggered by other developments that notify a defendant of federal jurisdiction. As relevant to this case, the "other paper" provision has been liberally construed, and includes a transcribed statement from a deposition. *See, e.g., Atwell v. Bos. Sci. Corp.*, 740 F.3d 1160, 1162 (8th Cir. 2013).

5. Crucially, if the triggering "other paper" is a deposition transcript, the renewed 30-day removal period begins on the date that the transcript is received—not the date of the deposition. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

6. Smith filed her Petition and Jury Demand ("Petition") in the Iowa District Court on December 14, 2022. (*See* Attachments to Defendant's Notice Pursuant to Local Rule 81 ("Rule 81 Notice"), filed contemporaneously herewith). On December 28, 2022, Smith served her Petition on Henniges's registered agent. (*See* Attachments to Rule 81 Notice).

7. The Petition alleges four violations of Iowa Code Chapter 216 – the Iowa Civil Rights Act: Pregnancy Discrimination (Count I); Sex Discrimination (Count II); Failure to Accommodate (Count III); and Retaliation (Count IV). The Petition also alleges a violation of Title VII of the Civil Rights Act of 1964 (Count V).

8. The Petition theoretically was removable at the time of its original filing—based on Count V—but Count V did not raise any issues distinct from the other four Counts or any claims requiring a unique application of federal law. When Henniges deposed Smith on

September 20, 2023, her testimony effected a sea change in her theories that creates federal preemption.

9. In particular, Smith testified her claims require interpretation of a Collective Bargaining Agreement governing her employment with Henniges. This testimony makes every claim in the Petition subject to the complete preemption doctrine. "Complete preemption provides a narrow exception to the general rule that, absent diversity, a case filed in state court is not removable to federal court unless it affirmatively alleges a federal claim. The complete preemption doctrine recognizes that federal law may so wholly displace a state law cause of action that a state law claim is converted into a federal claim from its inception." *Bates v. Missouri & Northern Arkansas R. Co., Inc.*, 548 F.3d 634, 636 (8th Cir. 2008) (citing *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000); also citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7–8 (2003)).

10. The Supreme Court has recognized complete preemption in any case that requires interpretation of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 88 (1968); *see also Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987) ("On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' . . . Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. . . . The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of

the LMRA.) (internal citations omitted). Section 301 confers jurisdiction upon the federal District Courts to enforce collective bargaining agreements in industries affecting interstate commerce.

11. The present case—as now framed at Plaintiff's deposition—requires applying Section 301 of the Labor Management Relations Act because the viability of Plaintiff's accommodation request is entirely dependent on interpreting the collective bargaining agreement. In light of Plaintiff's deposition testimony, none of Plaintiff's five claims can be resolved without interpreting whether the collective bargaining agreement allowed or requires the accommodation that Plaintiff alleges she requested.

12. Crucially, the Petition does not mention the Labor Management Relations Act, nor does it allege that the accommodation request by Plaintiff was permitted or required under the Collective Bargaining Agreement. Indeed, Smith testified that she first became aware of this theory shortly before the deposition. Excerpts of Smith's transcript are attached as Exhibit A.

13. Specifically, Smith testified as follows:

    i. She was not aware of the existence of a collective bargaining agreement until after filing her Petition. (*See* Exhibit A, p. 1; Tr. p. 38).

    ii. She reviewed the collective bargaining agreement for the first time in the weeks preceding the deposition. (*See* Exhibit A, p. 1; Tr. p. 38).

    iii. She believes that Henniges representatives were incorrect when they informed her that seniority requirements prevented them from accommodating her, but that belief was developed for the first time when

     she reviewed the collective bargaining agreement prior to the deposition. (*See* Exhibit A, pp. 2–3; Tr. pp. 52–53).

   iv. She bases her belief that Henniges could have accommodated her on an interpretation of a provision of the collective bargaining agreement. (*See* Exhibit A, p. 3; Tr. p. 53).

   v. Smith reiterated that she was not aware of this theory until she reviewed the collective bargaining agreement: "I didn't know that that was a right that I had. I hadn't ever seen the agreement." (*See* Exhibit A, p. 5; Tr. p. 82).

14. Taken together, her testimony notified Henniges for the first time that this action requires interpreting the collective bargaining agreement and is completely preempted by federal labor law. Her testimony also means that state law claims are converted into a federal claims from their inception, *Bates*, 548 F.3d at 636, meaning removal is appropriate now.

15. The transcript of Plaintiff's deposition was received on October 4, 2023. (*See* Exhibit B).

16. Thus, October 4, 2023 was the first date on which Henniges received clear and unambiguous written notice that the case was removable on the basis of complete preemption.

17. Pursuant to 28 U.S.C. § 1446(b)(3), the 30-day removal window opened on that date and this removal is timely.

18. This Action is appropriately removed to this Court, as this Court has original jurisdiction under 28 U.S.C. § 1331. Smith's claims arise under "the Constitution, laws, or

treaties of the United States" due to her allegations that require interpretation of a collective bargaining agreement under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185

19. This Court is the District Court of the United States for the District and Division within which this Action is currently pending (Lee County, Iowa District Court). 28 U.S.C. §§ 95(a)(2), 1441(a) and 1446(a).

20. The Attachments to Henniges's Local Rule 81(a) Statement, filed contemporaneously herewith, constitute all the process, pleadings and orders filed in the State Court proceeding to date. Written notice of the filing of this Notice of Removal has been given to all Parties who have appeared in this Action and a copy of this Notice of Removal shall be filed with the Clerk of Court of Iowa District Court in and for Lee County.

21. By removing this case to this Court, Henniges reserves all rights and defenses, including but not limited to seeking dismissal and all other available grounds for procedural or substantive motions.

WHEREFORE, Defendant Henniges requests that this Action, now pending in the Iowa District Court in and for Lee County, be removed to the United States District Court for the Southern District of Iowa, Eastern Division, and for such further relief as this Court deems just.

Dated:  November 3, 2023

*/s/ Vernon P. Squires*
VERNON P. SQUIRES (#AT0007443)
 Direct Dial: (319) 861-8726
 Email:  vsquires@bradleyriley.com
PAUL J. ESKER (#AT0014874)
 Direct Dial: (319) 861-8779
 Email:  pesker@bradleyriley.com
 of
BRADLEY & RILEY PC
2007 First Avenue SE
P.O. Box 2804
Cedar Rapids, IA  52406-2804
Phone: (319) 363-0101

*ATTORNEYS FOR THE DEFENDANT*

Copy to:

Charles Gribble
Christopher Stewart
Gribble, Boles, Stewart & Witosky Law
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
Email:  cgribble@gbswlaw.com
Email:  cstewart@gbswlaw.com

*ATTORNEYS FOR PLAINTIFF*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this document was served upon the persons listed on this document at the addresses indicated by ECF this 3rd day of November, 2023.  I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Janet Privratsky*